IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 2, 2016

**BENNIE OSBY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 11-02364          James C. Beasley, Jr., Judge**
_____

**No. W2015-02479-CCA-R3-PC  -  Filed December 29, 2016**
_____

Bennie Osby ("the Petitioner") was convicted after a jury trial of especially aggravated kidnapping, attempted second degree murder, aggravated robbery, and employing a firearm during the commission of a felony.  He sought post-conviction relief alleging ineffective assistance of counsel.  The post-conviction court denied relief.  On appeal, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Carlissa Shaw, Memphis, Tennessee, for the appellant, Bennie Osby.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

*Trial*

This court provided a detailed summary of the testimony presented at trial in the opinion from the Petitioner's direct appeal.  State v. Bennie Osby, No. W2012-00408-CCA-R3-CD, 2012 WL 5381371, at *1-4 (Tenn. Crim. App. Nov. 2, 2012), perm. app. denied (Tenn. Mar. 5, 2013).  To summarize, the Petitioner and another person

approached Marlon Toney and Eric Moody, pointed guns at them, and demanded that they exit Mr. Moody's truck. The Petitioner and his companion ordered Mr. Toney and Mr. Moody to lie on the ground and searched them. They then "marched" Mr. Toney and Mr. Moody into Mr. Toney's backyard, where they "ordered the victims onto the ground a second time and 'started duct-taping [their] hands behind [their] backs.'" Id. The Petitioner and his companion took money and a cellular phone from the victims and struck Mr. Toney in the head with their pistols. The Petitioner and his companion fled, but Mr. Toney followed them, so the Petitioner and his companion fired their guns at Mr. Toney. At that time, Mr. Toney observed the Petitioner fall to the ground and then run away limping. Id. at *1-2.

Candis Bowman testified that she heard gunshots on the night in question. Within seconds of hearing the gunshots, the Petitioner knocked on her door and told her that he had been shot. She observed gunshot wounds to his left shoulder and right hip. The Petitioner told her that he had been shot by unknown assailants. Ms. Bowman called the police, and the Petitioner was transported to the hospital. Police investigated the Petitioner's claim that he was shot by an unknown person, but officers found no blood, shell casings, bullets, or any other evidence that a shooting had taken place at the location where the Petitioner claimed he was shot. Additionally, "only a single shooting was reported on that night, and [the Petitioner] was the victim." Id. at *3-4.

The jury convicted the Petitioner of two counts of especially aggravated kidnapping, two counts of aggravated robbery, attempted second degree murder, and employing a firearm during the commission of attempted second degree murder. Id. at *4. The trial court imposed an effective sentence of life without the possibility of parole plus 105 years' incarceration. Id. This court affirmed the Petitioner's convictions on appeal. Id. at *10.

*Post-Conviction Proceedings*

The Petitioner filed a pro se "Petition for Relief from Conviction or Sentence." Post-conviction counsel was appointed, and an "Amended Petition for Post-Conviction Relief" was filed. Collectively, the petitions alleged that trial counsel was ineffective for failing to: (1) "interview a material witness[,] Mr. Walter Edwards[,] who was an eye witness to the alleged crime"; (2) object to the imposition of two life sentences; (3) present any legal argument at the hearing on the motion for new trial; (4) put the State's case to a meaningful adversarial test; (5) object to the trial court's "misinterpretation of the law in regards to the lesser-included charge of facilitation"; and (6) "argue suggestive identification was used at the preliminary hearing." The pro se petition also alleged that appellate counsel was ineffective for failing to present "any legal argument" to support the Petitioner's claim that the evidence was insufficient to support his convictions.

The transcript of the post-conviction hearing is not included in the record on appeal.[1] However, the post-conviction court's written order states:

> The [P]etitioner was convicted after a jury trial and alleges that he did not receive effective assistance of counsel in said trial. The court heard the testimony of [the Petitioner] and trial counsel and determined that the [P]etitioner did in fact receive effective assistance of counsel. The proof against the [P]etitioner was very strong[;] both direct and circumstantial evidence pointed to the [P]etitioner as one of the perpetrators. One of the robbers was shot during the course of the robbery[,] and the [P]etitioner showed up at a hospital with a gunshot wound that night. Strangely enough for Memphis and Shelby County there were no other gunshot injuries reported that particular night. The [P]etitioner was also identified by the victims. The witnesses were extensively cross[-]examined by [trial] counsel[,] and the [P]etitioner's explanation of how he was shot was very thoroughly explained [through] State's witnesses by trial counsel. The [P]etitioner alleges that [trial] counsel should have called a particular witness who would have exonerated him. However, no one has been able to locate said witness. He was not around for trial and over several months and attempts by an investigator for post[-]conviction counsel has not been located to this date, therefore, there is nothing to suggest that his testimony would have been favorable to the [P]etitioner. The opposite is true[;] he may not have wanted to testify for [the] [P]etitioner. This court finds that trial counsel did a thorough job in defending [the] [P]etitioner and has seen nothing that would have changed the verdict returned by the jury. The court entered oral findings of fact and conclusions of law at the hearing and hereby incorporates said ruling into this order.

The post-conviction court denied relief. This timely appeal followed.

---

[1] By order entered September 16, 2016, this court pursuant to Rule 10(a) of the Court of Criminal Appeals struck the brief filed by the Petitioner as "inexcusably substandard" because it failed to comply with Tennessee Rule Appellate Procedure 27(a)(1),(2),(6),(7), and (8). On October 3, 2016, the Petitioner filed a new brief and a motion to supplement the record with a transcript of the post-conviction hearing. This court entered an order on October 4, 2016, allowing the Petitioner to supplement the record with a transcript of the post-conviction hearing. On October 21, 2016, the trial court clerk filed a document certifying the "absence of the supplemental transcript of the record of the post conviction hearing." Counsel for the Petitioner still has not supplemented the record with a transcript and has failed to comply with Tennessee Rule of Appellate Procedure 24(b).

## II. Analysis

Although the Petitioner alleged several instances of ineffective assistance of counsel in his original and amended petitions, on appeal the Petitioner argues only that trial counsel was ineffective for failing to investigate and interview "relevant witnesses" who would have provided exculpatory evidence for the defense. The State argues that the Petitioner has waived his claim by failing to include a transcript of the post-conviction relief hearing in the record. Additionally, the State contends that the Petitioner is not entitled to relief because the Petitioner did not present the testimony of any additional witnesses at the post-conviction hearing and therefore cannot establish deficiency or prejudice.

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. Kendrick v. State, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. Id.; Fields, 40 S.W.3d at 456 (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." Fields, 40 S.W.3d at 456 (citing Henley, 960 S.W.2d at 579); see also Kendrick, 454 S.W.3d at 457. The trial court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. Kendrick, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. We will not second-guess a reasonable trial strategy, and we

will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. Granderson v. State, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the Strickland analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." Henley, 960 S.W.2d at 579 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)); see also Goad, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688); see also Baxter, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. Goad, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

In cases where a petitioner contends that trial counsel failed to present a witness in support of the petitioner's defense, the petitioner must present such witness at the post-conviction hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Neither a trial nor an appellate judge can speculate as to whether that witness's testimony would have been favorable to the defense. Id. Therefore, the petitioner must "produce a material witness who . . . would have testified favorably in support of his defense if called [at trial]. Otherwise, the petitioner fails to establish the prejudice requirement mandated by Strickland v. Washington." Id. at 758.

We again note that the transcript of the post-conviction hearing is not included in the record. The party seeking appellate review bears the burden of preparing a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b). The post-conviction court found that the Petitioner did not present any witness at the post-conviction hearing that trial counsel supposedly failed to interview or investigate, and the evidence in the record does not preponderate against the post-conviction court's finding. The Petitioner cannot prove that he suffered prejudice without producing such witness at the post-conviction hearing. See Black, 794 S.W.2d at 758. Therefore, the Petitioner's claim is without merit.

## III. Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY JR., JUDGE